NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1826
_____

OKSANA FESHOVETS; OLEKSANDR FESHOVETS,
                                                        Petitioners
v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                                        Respondent
_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
(Agency Nos. A087-583-843, A087-583-844)
_____

Argued November 2, 2016

Before: HARDIMAN and SCIRICA, *Circuit Judges*,
and ROSENTHAL,* *District Judge*.

(Filed: November 22, 2016)

Tatiana S. Aristova [Argued]
Khavinson & Associates, P.C.
10 Schalks Crossing Road
Suite 501-295
Plainsboro, NJ 08536
        *Counsel for Petitioners*

---

      * The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

Janette L. Allen
Raya Jarawan [Argued]
United States Department of Justice
Office of Immigration Litigation
450 5th Street, N.W.
Washington, DC 20001
    *Counsel for Respondent*

———————

OPINION[**]

———————

ROSENTHAL, *District Judge*.

This case requires us to decide whether harms an asylum seeker suffered in her country were on account of a government official's persecution for her political activities or her membership in a social group, or, instead, resulted from the government official's personal vendetta in retaliation for private wrongs. Oksana and Oleksandr Feshovets seek review of an order of the Board of Immigration Appeals dismissing their challenge to the Immigration Judge's order denying them asylum, withholding of removal, and protection under the Convention Against Torture. We see no basis to reverse or remand, and we will deny the petition for review.

## I.

The petitioners, natives of the Ukraine, are husband and wife. When served with a Notice to Appear, the couple conceded removability. Oksana Feshovets applied for asylum with her husband as a derivative applicant, asking for withholding of removal and protection under the Convention Against Torture. 8 C.F.R. §§ 208.16(b), (c). Mrs.

---

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Feshovets argued that she was eligible for asylum because of persecution she suffered in the Ukraine as a result of her political activism. She relied on her efforts to help a domestic-violence victim whose husband, Nikolay Kmit, was a wealthy and powerful businessman and politician. Because we write only for the parties, we need not detail the facts or procedural history.

## II.

We review the BIA's legal conclusions *de novo* and its factual conclusions for substantial evidence. *Valdiviezo-Galdamez v. Attorney Gen. of U.S.*, 663 F.3d 582, 590 (3d Cir. 2011). Under the substantial-evidence standard, we may reverse the Board's factual conclusions only if the record shows that any reasonable factfinder would be compelled to a different conclusion. *Id.*

"To qualify for asylum, an alien must show persecution, or a well founded fear of persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion." *Amanfi v. Ashcroft*, 328 F.3d 719, 726 (3d Cir. 2003). In 2005, Congress in the REAL ID Act clarified the standard for evaluating mixed motive asylum cases: in cases where the persecutor has more than one motive, an applicant must prove the protected characteristic "was or will be at least *one central reason* for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i) (emphasis added). The protected ground need not be the primary motivation for persecution, but "asylum may not be granted if a protected ground is only an 'incidental, tangential, or superficial' reason for persecution of an asylum applicant." *Ndayshimiye v. Attorney Gen. of U.S.,* 557 F.3d 124, 130 (3d Cir. 2009). "Therefore, a key task for any asylum applicant is to show a

3

sufficient 'nexus' between persecution and one of the listed protected grounds." *Id.* at 129. The agency's decision on whether an asylum applicant has established the necessary nexus between persecution and a protected ground is a factual finding that we review for substantial evidence. *See Shehu v. Attorney Gen. of U.S.*, 482 F.3d 652, 657 (3d Cir. 2007).

"[A]n applicant is entitled to withholding of removal if he or she can satisfy the higher burden of demonstrating that it is more likely than not that life or freedom would be threatened because of a protected ground if he or she were removed." *Li v. Attorney Gen. of U.S.*, 400 F.3d 157, 162 (3d Cir. 2005). An applicant who cannot show her eligibility for asylum necessarily cannot qualify for withholding of removal. *Paripovic v. Gonzales*, 418 F.3d 240, 246 (3d Cir. 2005).

An asylum applicant is eligible for protection under the Convention Against Torture when she shows that it is more likely than not that she will be "subject to torture by, at the instigation of, or with the acquiescence of a public official" if removed to her home country. *Amanfi*, 328 F.3d at 725. "[I]n assessing whether an alien is more likely than not to be tortured in the proposed country of removal, INS regulations identify a non-exclusive list of factors to consider: (1) evidence of past torture inflicted on the alien; (2) the possibility the alien could relocate to another part of the country where his torture is unlikely; (3) evidence of 'gross, flagrant or mass violations of human rights' in the country; and (4) any other relevant country conditions information." *Id.*

4

**III.**

We first consider Mrs. Feshovets's argument that the BIA erred in finding that she was not eligible for asylum. We assume for the purposes of this appeal that the harms Mrs. Feshovets suffered after she tried to help the domestic-violence victim—threatening anonymous telephone calls, physical attacks, verbal and sexual abuse by police officers, and having her children abducted and detained for a short but no doubt harrowing time—were sufficiently severe to be persecution under the INA. The BIA concluded that Mrs. Feshovets had not established a sufficient nexus between these harms and a protected ground. Instead, the evidence indicated that the harms resulted from a personal dispute with Nikolay Kmit, the domestic-violence victim's husband. The BIA found that Nikolay Kmit did not persecute Mrs. Feshovets because of her political opinions or her social group, but rather because she interfered in his marriage.

Mrs. Feshovets argues that this finding was error. She reasons that because her actions were "to protect Kmit's wife's right to be free from abuse on his part, in which he was able to engage with impunity because of his political power," Nikolay Kmit imputed that political basis for her actions when he caused the threats, attacks, and abduction. To prevail, Mrs. Feshovets must demonstrate that any reasonable factfinder reviewing the record before us would be compelled to conclude that Nikolay Kmit harmed Mrs. Feshovets because he was hostile to her political views or to her social group. She has not made this showing.

The case law across the country makes it clear that retaliation in response to a personal dispute is not a valid basis for asylum. *See, e.g.*, *Gonzales-Posadas v. Attorney Gen. of U.S.*, 781 F.3d 677, 685 (3d Cir. 2015) ("Conflicts of a personal nature and isolated criminal acts do not constitute persecution on account of a protected characteristic."); *Amanfi*, 328 F.3d at 727; *Zoarab v. Mukasey*, 524 F.3d 777, 781 (6th Cir. 2008); *Marquez v. I.N.S.*, 105 F.3d 374, 380 (7th Cir. 1997). The Ninth Circuit's decision in *Molina-Morales v. I.N.S.*, 237 F.3d 1048 (9th Cir. 2001) is particularly relevant. In that case, Molina's aunt claimed that Salazar, a wealthy local businessman running for mayor, had raped her. *Id.* at 1049. Molina and his aunt gave a statement to the police. A week later, the aunt disappeared and was later found dead. *Id.* On the way to the morgue to identify the body, Molina was beaten by four men who talked about the rape accusation during the attack. *Id.* Molina fled the city. After Salazar was elected mayor, his supporters continued to visit Molina's house and harass his family to try to learn his whereabouts. *Id.* at 1049-50. Molina testified before an Immigration Judge that he could not return to El Salvador because Salazar would have him harmed or killed out of fear that Molina would accuse Salazar of rape, abduction, and murder. *Id.* at 1050. The BIA found that Molina's fear of harm stemmed from "a personal matter between him and . . . Salazar." *Id.* The Ninth Circuit affirmed, finding substantial record evidence supporting the BIA's finding:

> [T]he disappearance of Molina's aunt was due solely to her report of the rape by Salazar. There is no evidence that Salazar's supporters presumed sympathy on her part or Molina's part for an opposing political view. The mere fact that Salazar was a politician does not compel a conclusion that Molina was persecuted on account of any political opinion his persecutors

6

imputed to him. Salazar's part-time profession as a politician is merely incidental.

*Id.* at 1052. The Ninth Circuit affirmed the BIA's factual determination that Molina had not demonstrated a sufficient nexus between the harms he suffered in El Salvador and a protected ground under the INA. *Id.*

The facts of *Molina-Morales* are similar to this case. Mrs. Feshovets must point to record evidence compelling the conclusion that Nikolay Kmit acted because of his hostility to her political views or to her social group, not because of his personal desire to retaliate against her for interfering in his private life. The section of Mrs. Feshovets's brief attacking the BIA's finding that there was an insufficient nexus between the harms she suffered and opposition to her political views or her social group does not cite apposite legal authority or specific record facts. Nor do her arguments elsewhere in the brief convince us that the BIA lacked substantial evidence for its finding on nexus. Mrs. Feshovets does not point to record evidence indicating that Nikolay Kmit attributed any particular political views or social-group membership to her, much less that he was centrally motivated to harm her because of those views or membership.

The holding and result in *Molina-Morales* and similar cases demonstrate that the harms suffered by an individual who challenges a corrupt government official are not automatically harms "on account of" a political view or membership in a social group. When, as here, the record evidence shows that the harms resulted from the official's personal antagonism toward the asylum applicant rather than from hostility to her political views or social group, the applicant does not show the nexus required for relief.

The record evidence here is consistent with the agency's factual determination that the harms Mrs. Feshovets suffered primarily resulted from Nikolay Kmit's personal antagonism toward her.

*Molina-Morales* does not foreclose the possibility that under some set of facts, an individual could be eligible for asylum because the persecutor is motivated in part by a personal vendetta and in part by political animus or bias against a protected characteristic. The asylum-seeker need only prove the protected ground was "one central reason" behind the persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Ndayshimiye*, 557 F.3d at 130. Nor do we foreclose that possibility if the facts showed that the persecution was centrally motivated by animus toward the protected characteristic as well as personal bias. But those are not the facts before us. The BIA did not have record evidence showing that political animus was a central motivating factor in Nikolay Kmit's actions against Mrs. Feshovets.

The BIA did not err in finding that Mrs. Feshovets failed to show a sufficient nexus between the harms she suffered and a protected ground and that she was ineligible for asylum. Because Mrs. Feshovets did not demonstrate her eligibility for asylum, she also failed to meet the more rigorous requirements of withholding of removal. *See Zubeda v. Ashcroft*, 333 F.3d 463, 469-70 (3d Cir. 2003).

**IV.**

Mrs. Feshovets's brief also contains a short argument that she is entitled to protection under the Convention Against Torture. She recites the legal standard, but her argument consists only of a conclusory assertion that the documents she submitted in the

8

agency proceedings demonstrated her entitlement to relief under that standard. She does not cite specific record evidence or legal authority addressing similar facts. We have found that similar barebones assertions waive rather than raise an argument. *See Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997); FED. R. APP. P. 28(a)(8)(A) (the argument section of a brief must contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

Assuming that Mrs. Feshovets's brief adequately presented her argument, we would nonetheless reject it. As the Immigration Judge observed, Mrs. Feshovets testified that Nikolay Kmit no longer holds the public office that gave him power. Mrs. Feshovets neither explains nor identifies evidence showing how Kmit, as a private citizen, could cause her to be tortured "by, at the instigation of, or with the acquiescence of a public official." Instead, Mrs. Feshovets invokes the conditions in the Ukraine, citing reports of torture in the Ukrainian prison system and of human-rights abuses by Ukrainian police. This kind of country-condition report is not sufficient. Mrs. Feshovets must instead show why she will more likely than not be a specific target for torture if she returns. *See Denis v. Attorney Gen. of U.S.*, 633 F.3d 201, 218 (3d Cir. 2011); *In Re M-B-A-*, 23 I. & N. Dec. 474, 479-80 (BIA 2002) (country-conditions evidence demonstrating general or widespread human-rights abuses does not meet the petitioner's burden to show an individualized likelihood of torture). Mrs. Feshovets has failed to make this showing.

**V.**

Substantial evidence supported the BIA's findings. We follow our clear precedent and that of other circuits and we will deny the petition for review.